## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

*In Re Nonparty Subpoena*

ANTHEM, INC.,

                Petitioner,

    v.

SEAN CREIGHTON,

                Respondent.

Case No.:

Underlying Action:
*United States of America v. Anthem, Inc.*,
No.  1:20-cv-02593-ALC-KHP
United States District Court
Southern District of New York

**ANTHEM, INC.'S MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS EMERGENCY MOTION TO COMPEL NON-PARTY SEAN CREIGHTON TO APPEAR FOR A CONTINUED DEPOSITION**

## **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................ 3

    A.    The Underlying Action ..................................................................................... 3

    B.    Non-Party Witness Sean Creighton ................................................................ 4

    C.    Anthem's Deposition of Sean Creighton ........................................................ 5

LEGAL STANDARD ...................................................................................................... 6

ARGUMENT .................................................................................................................... 7

CONCLUSION ................................................................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120 (D.D.C. 2013)

*Jud. Watch, Inc. v. U.S. Dep't of Com.*, 34 F. Supp. 2d 47, 54 (D.D.C. 1998)

*Saiyed v. Council on Am.-Islamic Rels. Action Network, Inc.*, No. CV 10-00022 (PLF/AK), 2011 WL 13250648 (D.D.C. July 13, 2011)

*United States of America ex rel. Benjamin Poehling v. UnitedHealth Group, Inc., et al.*, 16 Civ. 08697 (C.D. Cal.)

**Rules**

Fed. R. Civ. P. 26(b)

Fed. R. Civ. P. 45(d)

Pursuant to Federal Rule of Civil Procedure 45, Petitioner Anthem, Inc. ("Anthem") moves this Court, on an emergency basis, to compel a non-party witness, Sean Creighton, to complete his deposition testimony no later than May 5, 2025 in the underlying action which is pending in the United States District Court for the Southern District of New York. As set forth below, Anthem requires testimony from Mr. Creighton in order to defend itself against a complaint alleging False Claims Act ("FCA") violations in connection with its submission of risk adjustment data to the Centers for Medicare and Medicaid Services ("CMS") pursuant to the Medicare Advantage program. Mr. Creighton notified Anthem that he is leaving the country in mid-May and will not be returning until at least the fall of 2025, after the close of fact discovery in the underlying action. Since Mr. Creighton resides in or near the District of Columbia, this Court has jurisdiction to compel his compliance with the subpoena that Anthem served on Mr. Creighton on March 27, 2025. Thus, Anthem requests emergency relief from this Court before Mr. Creighton's departure.

## BACKGROUND

### A. The Underlying Action

This lawsuit relates exclusively to the Medicare Advantage ("MA") program, which is also known as Medicare Part C, and Anthem's conduct as a Medicare Advantage Organization ("MAO") between early 2014 and early 2018 ("the relevant period"). Amended Complaint ("Compl.") ¶¶ 5, 21, No. 1:20-cv-02593-ALC-KHP (S.D.N.Y. filed July 2, 2020). CMS administers the MA program. Plaintiff's FCA claims for relief in the underlying action fundamentally concern a specific Anthem business practice—its retrospective chart review program ("Chart Review Program") which is a process through which Anthem, like other MAOs, reviewed medical records of its MA enrollees to identify and report to CMS previously unreported health conditions documented in those records. *Id.* ¶ 108. Specifically, Plaintiff alleges, amongst other things, that Anthem structured its Chart Review Program in a manner that allowed it to avoid

identifying and deleting diagnosis codes not documented in medical records, thus avoiding an obligation to return risk adjustment payments to CMS in violation of the FCA. *See id*. ¶¶ 134–35, 168–72. In other words, Plaintiff alleges that Anthem did not conduct so-called "two way" chart reviews as part of its Chart Review Program; instead, Anthem's Chart Review Program was designed solely for the purpose of adding previously unreported diagnosis codes.

### B. Non-Party Witness Sean Creighton

Mr. Creighton is a former senior official at CMS who held a leadership role in the development and administration of the risk-adjustment payment system used by the MA program. Because of his central role at CMS, Mr. Creighton was deposed twice in *United States of America ex rel. Benjamin Poehling v. UnitedHealth Group, Inc., et al.*, 16 Civ. 08697 (C.D. Cal.), which is a case involving FCA claims against another MAO that are very similar to the underlying action pending against Anthem. In that case, Mr. Creighton testified, among other things, that (1) ███████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████ and (2) ██████████████████████████████

██████████████████████████████████████████████████████████

██████████████ .

Following his employment with CMS, Mr. Creighton was a Senior Vice President at Cotiviti, which was formerly known as Verscend. Cotiviti was the outside vendor that designed and administered Anthem's Chart Review Program for the relevant period. In that role with Cotiviti, Mr. Creighton interacted with Anthem representatives about its Chart Review Program and communicated his understanding of CMS requirements regarding chart reviews. He also previously testified that his responsibilities at Cotiviti included advising the company and its MAO

clients, including Anthem, on CMS regulations and sub-regulatory guidance so that they could have confidence that they were compliant with MA program requirements. Relevant to Anthem's emergency motion to compel Mr. Creighton to complete his deposition, Mr. Creighton was either copied on, or was involved in designing and advising on the business practices that are described in, certain documents that were produced to Anthem and designated as "Confidential" by Cotiviti under the Stipulation and Protective Order ("PO") (Dkt. 96) (the "Designated Documents") in the underlying action against Anthem. His testimony regarding these documents is critical to Anthem's defenses in this case.

### C. Mr. Creighton's Refusal to Sign the PO During His April 7, 2025 Deposition Prejudiced Anthem's Ability to Adequately Depose Him on Key Factual Issues

On March 27, 2025, Anthem served a subpoena on Mr. Creighton to appear for a deposition on April 7, 2025 in Washington, D.C. *See* Declaration of Anwar Graves in Support of Anthem Inc.'s Emergency Motion to Compel Non-Party Sean Creighton to Appear for a Continued Deposition ("Graves Decl.") ¶ 3, Ex. A. At that deposition, Anthem planned to ask Mr. Creighton, among other things, about his work at Cotiviti and the advice he provided to MAOs, including Anthem, regarding CMS requirements. Anthem also wanted to ask Mr. Creighton about the Designated Documents from Cotiviti concerning its ability—or lack of ability—at that time to conduct so-called "two way" chart reviews and whether such reviews were required under MA program requirements. *Id.* ¶ 5.

Anthem provided Mr. Creighton's counsel with a copy of the PO five days before the deposition, and he did not indicate that he or Mr. Creighton had any concerns about executing the PO. *Id.* ¶¶ 5-7, Exs. B-C. On the morning of the deposition, however, Mr. Creighton abruptly informed Anthem that he refused to sign the PO. *Id.* ¶ 8. Asked about his reasons on the record, Mr. Creighton said that (1) ████████████████████████████████████████████████████

████████████████████, and (2) ████████████████████████████████

████████████████████████████ *See id*. at Ex. D (S. Creighton Dep. Tr.) at 10:3–17.  This

explanation is nonsensical where the PO was precisely designed to protect the confidentiality of

documents shown to non-parties and to ensure that Anthem could in fact show Mr. Creighton

confidential documents and question him about them.

Anthem asked Mr. Creighton on the record ████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████ *See id.* at 13:14–14:4.  ████████████████████████

██████████████ *See id.*  As a result, Anthem was not able to ask Mr. Creighton about the

Designated Documents during the deposition.  *Graves Decl.* ¶ 10.

Anthem has separately filed an emergency motion before the district court presiding over

the underlying action against Anthem requesting that the court remove the confidentiality

designations over the Designated Documents so that Anthem may mark those documents as

exhibits during a continued deposition of Mr. Creighton.  *Id*. ¶ 13.  Anthem therefore asks this

Court, on an emergency basis, to compel Mr. Creighton to complete his deposition testimony no

later than May 5, 2025 at which time Anthem would complete its examination of Mr. Creighton

about the Designated Documents.  Anthem seeks emergency relief before this Court because Mr.

Creighton has notified Anthem that he is departing the United States in mid-May and will not

return to this country until the fall of this year, after the close of fact discovery.  *Id*. ¶ 3.

## LEGAL STANDARD

When deciding a motion to compel, a court must consider first whether the discovery

sought is relevant, and second whether compliance with the subpoena would present undue burden.

*In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013).  Discovery obtained

from a nonparty pursuant to Rule 45 has "the same scope as provided in Rule 26(b), thus promoting uniformity." *Id.* (quoting Advisory Committee Note to 1946 Amendment to Fed. R. Civ. R. 45(d).).

An order continuing a deposition is a proper remedy where such continuation is justified by the record in the case, including where the conduct of a deponent or deponent's counsel creates a need to continue the deposition. *Saiyed v. Council on Am.-Islamic Rels. Action Network, Inc.*, No. CV 10-00022 (PLF/AK), 2011 WL 13250648, at *2 (D.D.C. July 13, 2011) (granting motion to compel the continuation of depositions where the deposing party was "not able to question the deponents about [the subject] documents"); *cf. Jud. Watch, Inc. v. U.S. Dep't of Com.*, 34 F. Supp. 2d 47, 55 (D.D.C. 1998) (granting plaintiff leave to re-depose two witnesses where their "own behavior" necessitated the second deposition).

## ARGUMENT

Anthem only seeks to depose Mr. Creighton about a discrete number of documents that it was not able to introduce as exhibits during Mr. Creighton's deposition as a result of his confounding refusal to execute the PO. *See, e.g., Saiyed*, 2011 WL 13250648, at *2. The Designated Documents concern Cotiviti's practices as Anthem's vendor from 2015 to 2017, when Mr. Creighton worked at Cotiviti. Given Mr. Creighton's prior employment with CMS wherein he developed and administered the risk-adjustment payment system used by the MA program, and his subsequent use of his knowledge of CMS regulations to advise Cotiviti's MAO clients, including Anthem, as to whether so-called "two way" chart reviews were required under MA program requirements, his testimony concerning the Designated Documents is highly probative of whether Anthem structured its Chart Review Program in a manner that violated the FCA. However, his last-minute refusal to sign the PO precluded Anthem from questioning Mr. Creighton

regarding the Designated Documents.[1]  Thus, continuing Mr. Creighton's deposition so that he can be asked about the Designated Documents would not be unnecessarily cumulative.

Moreover, continuing Mr. Creighton's deposition so that he can be asked about the Designated Documents would not create any undue burden.[2]  Mr. Creighton resides in or near the District of Columbia, failed to provide a credible reason for refusing to execute the PO, and ███████████████████████████████████████████████████.  Therefore, any burden of a continued deposition on Mr. Creighton is of his own making.  Nevertheless, the minimal burden of continuing Mr. Creighton's deposition in the District of Columbia is outweighed by the importance of Mr. Creighton's testimony on a central issue in this case.

Lastly, a continued deposition of Mr. Creighton is Anthem's only opportunity to obtain the information sought.  Not only is Mr. Creighton planning on imminently leaving the country until at least the fall of 2025, which is after the fact discovery period in the underlying action is scheduled to close, he is a unique witness in this case, having held senior positions at CMS and Cotiviti, two entities that play central roles in this litigation and he has not previously provided testimony concerning the Designated Documents or his work on Anthem's Chart Review Program while he was employed at Cotiviti.

## CONCLUSION

For the foregoing reasons, Anthem respectfully requests that the Court enter an order compelling Mr. Creighton to complete his deposition testimony no later than May 5, 2025.

---

[1] If helpful to the Court's analysis, Anthem will submit the Designated Documents to the Court for *in camera* review.

[2] Anthem has notified Mr. Creighton's counsel that Anthem would be willing to complete the deposition remotely using video technology and that it will only require two additional hours of questioning on the record to complete the examination.

Dated: April 16, 2025, in Washington, D.C.          Respectfully submitted,

/s/*Brian D. Boyle*
Brian D. Boyle
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
202-383-5327
bboyle@omm.com
Counsel for Anthem, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, a true and accurate copy of the foregoing Motion to Compel was served via First Class Mail, postage prepaid, on:

Ben Vernia, Esq.

*Counsel for Sean Creighton*

Assistant United States Attorney Rebecca Sol Tinio, Esq.
Assistant United States Attorney Peter Max Aronoff, Esq.
Assistant United States Attorney Zachary Bannon, Esq.
Assistant United States Attorney Charles Salim Jacob, Esq.
Assistant United States Attorney Adam M. Gitlin, Esq.
Assistant United States Attorney Dana Walsh Kumar, Esq.
Assistant United States Attorney Rachael Doud, Esq.

*Counsel for United States of America*

/s/ *Brian D. Boyle*
Counsel for Anthem, Inc.